COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Senior Judges Cole and Duff


KEVIN O. CRUMP

v.   Record No. 0537-95-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
COLONIAL MASONRY, INC.                        NOVEMBER 21, 1995
AND
NATIONAL GRANGE MUTUAL INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Gregory E. Camden (Rutter & Montagna, on
            briefs), for appellant.

            William C. Walker; Donna White Kearney
            (Taylor & Walker, on brief), for appellees.


    Kevin O. Crump appeals a decision of the Workers'

Compensation Commission denying his application seeking

compensation for an occupational disease on the basis that he

failed to prove that his bilateral pneumonitis was a disease

within the meaning of "disease" under the Workers' Compensation

Act ("the Act").  We reverse the commission's decision based upon

our holding in Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65,

461 S.E.2d 431 (1995).

    In Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438

S.E.2d 769, 772 (1993), we defined "disease" as:
            any deviation from or interruption of the
            normal structure or function of any part,
            organ, or system (or combination thereof) of
            the body that is manifested by a
            characteristic set of symptoms and signs and
            whose etiology, pathology, and prognosis may

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

be known or unknown.

"[T]he definition enunciated in Piedmont [has been recognized by this Court] as the general and accepted meaning of the term 'disease,' a term which is presumed to be known by the legislature and is employed by it without restriction in Code §§ 65.2-400 and 65.2-401." Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995).

Pneumonitis is defined as "inflammation of the lungs." Dorland's Illustrated Medical Dictionary 1039 (26th ed. 1985). Using this general medical definition of pneumonitis, as we did for carpal tunnel syndrome in Perdue, we find that it places pneumonitis within the definition of disease set forth in Piedmont and approved of in Perdue.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We uphold the commission's factual findings if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

As in Perdue, Crump's condition did not present as an obvious, sudden, mechanical or structural change in his body. Rather, credible evidence supported a finding that this condition constituted a disease as defined in Piedmont. We conclude that the commission erred in finding that Crump's pneumonitis is not a condition characterized as a "disease" within the meaning of the

Act.

　　Accordingly, we reverse the commission's decision and remand this case for the commission to consider whether Crump's condition arose out of and in the course of his employment as required by the Act.

<u>Reversed and remanded.</u>